UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| DALE C. BARKFELT, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 4:16-CV-246-RLW |
| UNITED STATES DISTRICT COURT, | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the court on the motion of Dale C. Barkfelt (registration no. 1095173) for leave to commence this action without payment of the required filing fee [Doc. #2]. After reviewing plaintiff's inmate financial account statement, the motion will be granted, and plaintiff will be assessed an initial partial filing fee of $1.71, which is twenty percent of his average monthly deposits. In addition, the court will dismiss this case pursuant to 28 U.S.C. § 1915.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who

1

is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To determine whether an action fails to state a claim upon which relief can be granted, the court must engage in a two-step inquiry. First, the court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the court may exercise its judgment in determining whether plaintiff's proffered

conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950-52.

In reviewing a pro se complaint under § 1915(e)(2)(B), the court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## The Complaint

Plaintiff, an inmate at the Farmington Correctional Center, brings this action pursuant to 42 U.S.C. § 1983. Named as the sole defendant is the United States District Court. Plaintiff states that he is facing both state and federal sentences. He alleges that his state sentence is presently running consecutively, rather than concurrently, to his federal sentence. Plaintiff summarily alleges that defendant "misfiled . . . the evidence that proved [his] case." He seeks $5 million in damages for false incarceration.

## Discussion

Having carefully reviewed the complaint, the Court will liberally construe this action as having been brought pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). A *Bivens* action for

monetary damages cannot be maintained against the United States or a federal agency. *See FDIC v. Myer*, 510 U.S. 471, 484-85 (1994). Moreover, federal courts are not suable entities. *Cf. Harris v. Missouri Court of Appeals, Western Dist.*, 787 F.2d 427 (8th Cir. 1986) (courts are not "persons" for § 1983 purposes). For these reasons, this action will be dismissed as legally frivolous.[1]

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $1.71 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally

---

[1] The court notes that plaintiff currently has a pending 28 U.S.C. § 2254 habeas corpus action pending in this court, *Barkfelt v. Villmer*, No. 4:16-CV-62-JMB (E.D. Mo.), in which he is challenging the execution of his state and federal sentences, and therefore, the court will not instruct the Clerk of Court to send plaintiff any additional form habeas petitions.

frivolous and fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 25th day of February, 2016.

/s/ Ronnie L. White
UNITED STATES DISTRICT JUDGE